IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **PATENT HARBOR, LLC** | § § § | |
| *Plaintiff*, | § | |
| v. | § § | **CIVIL ACTION NO.** |
| **TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC,** et al., | § § § § | **6:10-CV-607 LED-JDL** **JURY TRIAL DEMANDED** |
| *Defendants*, | | |
| v. | § § | **CIVIL ACTION NO.** |
| **DREAMWORKS ANIMATION SKG, INC., et al.,** | § § § | **6:10-CV-229 LED-JDL** **JURY TRIAL DEMANDED** |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Transfer Venue Under 28 U.S. § 1404(a) to the Central District of California (6:10-cv-607 Doc. No. 339; 6:11-cv-229 Doc. No. 314)[1] ("Motion"). Plaintiff Patent Harbor, LLC ("Patent Harbor") filed an opposition brief (Doc. No. 362) ("RESPONSE") and a sur-reply (Doc. No. 408) ("SUR-REPLY"). Defendants filed a reply. (Doc. No. 384) ("REPLY"). Because Defendants have failed to meet their burden of showing that the Central District of California is a clearly more convenient forum, the Motion is **DENIED**.

## BACKGROUND

Patent Harbor has filed a series of cases over the last two years accusing over 100 defendants across a dozen actions of infringing U.S. Pat. Nos 5,684,514 (the "'514 patent") and

---

[1] The Motion was filed jointly by defendants in both cases; however, the Court will only cite to documents in the '607 action unless otherwise noted.

5,977,992 ("the '992 patent") At the time Defendants' filed the Motion to transfer the '607 and the '229 action, there were a total of four related cases[2] asserting the '992 patent or the '514 patent. Since the filing of the motion, however, Patent Harbor has filed at least eight more actions asserting the '514 patent.[3]

In July and August 2010, Patent Harbor filed Civil Action Nos. 6:10-cv-361 (the '361 action") and 6:10-cv-436 (the '436 action) respectively. The '607 action was filed on November 16, 2010. At a March 8, 2011 status conference for the '361 and the '436 actions, counsel for eight defendants in the '607 action appeared before the Court and sought the Court's permission to permit the '607 case to proceed along the same schedule as the '361 and '436 actions. To accommodate the defendants in the '607 action, the Court moved the '361 and '436 claim construction hearing from August 11, 2011 to October 4, 2011. On September 23, 2011, Defendants filed this Motion. The Court has since issued a memorandum opinion and order construing the disputed terms of the '992 and '514 patents on October 24, 2011 (Doc. No. 360) and an order adopting the claim constructions March 16, 2012 (Doc. No. 452). Further, the '607 action, the '436 action, and the '361 actions are set for trial in October 2012. Lastly, the '229 action was filed on May 9, 2011 and is set for claim construction on October 18, 2012.

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[2] *Patent Harbor, LLC v. Audiovox, et al*, 6:10-cv-361 (Filed 7/21/2010); *Patent Harbor, LLC v. LG Electronics, Inc., et al,* 6:10-cv-436 (Filed 8/20/2010); the '607 action and the '229 action.

[3] *Patent Harbor, LLC v. The Criterion Collection, Inc.*, 6:11-cv-535 (Filed 10/13/2011) (Closed 05/16/2012); *Patent Harbor, LLC v. Disney Enterprises, Inc.*, 6:11-cv-536 (Filed 10/13/2011) (Closed 1/18/2012); *Patent Harbor, LLC v. Lions Gate Films Inc.*, 6:11-cv-537 (Filed 10/13/2011) (Closed 4/23/2012); *Patent Harbor v. Platinum Disc LLC,* 6:11-cv-539 (Filed 10/13/2011) (Closed 1/23/2012); *Patent Harbor, LLC v. Twentieth Century Fox Film Corp.,* 6:11-cv-541 (Filed 10/13/2011) (Closed 4/26/2012); *Patent Harbor, LLC v. Warner Bros. Pictures, Inc.,* 6:11-cv-542 (Filed 10/13/2011) (Closed 4/23/2012); *Patent Harbor, LLC v. On-Demand Publishing LLC,* 6:11-cv-538 (Filed 10/13/2011); and *Patent Harbor, LLC v. Shout! Factory, LLC*, 6:11-cv-540 (Filed 10/13/2011).

where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer must show good cause for the transfer. *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II"). To show good cause, the moving party must demonstrate the transferee venue is clearly more convenient. Id.

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law. Id.

## DISCUSSION

**I.      Judicial Economy**

Traditionally, the Court addresses each factor in order as laid out in *Volkswagen I*. However, the circumstances of these cases require a different approach. As will be explained in more detail below, the Court finds that this is a rare case where the potential "inconvenience"[4] of the parties is outweighed by judicial economy considerations.

### A. Legal Standard

The goal of §1404(a) is to "prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). As a result, in appropriate circumstances, courts have analyzed the goal of preventing unnecessary inconvenience and expense under the rubric of "judicial economy." Furthermore, "courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Vistaprint Ltd.,* 628 F.3d 1342, 1346 (Fed. Cir. 2010) (citing *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960))(additional citation omitted); *see also* 28 U.S.C. §1404(a) ("For the convenience of the parties and witnesses, in the interest of justice . . . )(emphasis added).

The Federal Circuit has issued a series of opinions analyzing the proper role of judicial economy in the transfer analysis. Declining to adopt a bright line rule, the Federal Circuit has suggested that in certain circumstances, judicial economy considerations can outweigh an otherwise persuasive showing of inconvenience. Although each case presents its own unique facts and circumstances, the Federal Circuit has found that where a district court has experience with the patents-in-suit that is "not tenuous" and there is co-pending litigation before the Court, denial of transfer may be proper even if the convenience factors favor transfer. *Vistaprint Ltd*, 628 F.3d at 1346; *cf. In re Zimmer Holdings, Inc.,* 607 F.3d 1378, 1382 (Fed. Cir. 2010) (finding

---

[4] The Court assumes, without deciding, that the remaining §1404(a) factors weigh in favor of transfer.

4

the overlap in cases "negligible" where it is "likely" that the co-pending cases "will result in significantly different discovery, evidence, proceedings and trial").

In *Vistaprint*, the district court found that most convenience factors, including the ease of access to sources of proof, the convenience of the witnesses, and the availability of compulsory process weighed in favor of transfer. *See ColorQuick, LLC v. Vistaprint Ltd.*, No. 6:09-cv-323, 2010 WL 5136050, at *5-6 (E.D. Tex. Jul. 22, 2010), *mandamus denied,* 628 F.3d 1342 (Fed. Cir. 2010). The court nevertheless denied transfer, *inter alia*, because in a previous case, the court had "reviewed technical tutorials, familiarized itself with the patented technology, held a *Markman* hearing and issued a claim construction opinion" construing the disputed terms of the same patent. *Id.* at *2, *7. The court also considered the existence of a co-pending suit that, although in its "infancy", involved "the same patent-in-suit, pertain[ed] to the same underlying technology, and accuse[d] similar . . . services." *Id.* at *8.

The Federal Circuit agreed with the district court finding that "the gain in judicial economy from keeping this case in the Eastern District of Texas is more than negligible." *Vistaprint*, 628 F.3d at 1346. Although the court denied defendants' mandamus petition, the court cautioned that the mere existence of a co-pending suit by the same plaintiff or the court's general familiarity with the underlying technology of the patents-in-suit may be insufficient to override an otherwise persuasive case for transfer:

> Our holding today does not mean that, once a patent is litigated in a particular venue the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that venue. However, where, as here, the trial court performed a detailed analysis explaining that it is very familiar with the only asserted patent and the related technology, and where there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, we cannot say the trial court clearly abused its discretion in denying transfer.

*Id.* at 1347 n.3. The Federal Circuit has made it clear that *Vistaprint* and cases like it are an exception to the general rule that "the proper administration of justice may be to transfer to the far more convenient venue even when the trial court has some familiarity with a matter from prior litigation." *In re Morgan Stanley*, 417 Fed. App'x. 947, 950 (Fed. Cir. 2011). For example, in *In re Zimmer,* the Federal Circuit found the district court abused its discretion by denying transfer based on a co-pending suit where only one of sixteen patents overlapped between the two cases. *Zimmer Holdings, Inc.,* 607 F.3d at 1382. The Federal Circuit found that any gains in judicial economy would be "negligible" because the cases would result in substantially different discovery, evidence, proceedings, and trial. *Id.*

Moreover, in *Morgan Stanley*, the Federal Circuit found that the district court abused its discretion by placing too much weight in its experience with the patents-in-suit. The district court had previously construed half of the patents-in-suit and although the remaining patents involved data compression generally, there was no relation between the instant case and the previous case. *Morgan Stanley*, 417 Fed. App'x. at 949. Thus, judicial economy considerations could not overcome an otherwise compelling case for transfer because both the transferee and the transferor court would have to "familiarize itself with new patents, new subject matter, and new technology." *Id*; *see also In re Verizon Business Network Services Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011) (discounting judicial economy because the district court "would have to relearn a considerable amount based on the [five year] lapse in time between the two suits and would likely have to familiarize itself with reexamination materials that were not part of the previous suit").

    **B. Application**

The facts of this case, as will be explained below, present even stronger judicial economy considerations than those present in *Vistaprint*. Even if Defendants are correct that trying this case in the Central District of California is potentially more convenient, the Court's extensive experience with the patents-in-suit and the existence of multiple co-pending suits involving the same patents-in-suit and similar technology weigh heavily against transfer.

Since the action was filed in November 16, 2010, the Court has become "intimately familiar" with the matter. The Court has reviewed technology tutorials, prepared for and held a lengthy claim construction hearing, issued a claim construction order, and Judge Davis has ruled on the parties' objections to the Court's claim construction order.[5] *See In re VTech Communications,* M. No. 909, 2010 WL 46332, at *1 (Fed. Cir. Jan. 6, 2010) (noting that transfer "would waste the time, energy, and money of the parties and the judicial system because the court had become intimately familiar with the matter by completing claim construction"); *Vistaprint Ltd.,* 628 F.3d at 1346. Moreover, the '607 action is set for trial in October of this year, the deadline to complete fact and expert discovery is fast approaching, and the pretrial conference is less than four months away. To transfer the action now would result in a tremendous waste of judicial and party resources and create needless redundancies by forcing another court to familiarize itself with the patents-in-suit.

In addition to the advantages derived from having already construing the patents-in-suit, the Court is also presiding over several co-pending suits involving the same patents-in-suit. For example, the '361 action, which participated in a joint claim construction process with the '607 action, is set for trial in October with the '607 action. Defendants in the two cases have worked together as the cases progressed, including jointly filing claim construction briefing. *See* (Doc. No. 327) In both actions, the Court will be asked to determine the validity of the '514 patent and

---

[5] The Court has also ruled on a contested Motion to Supplement Invalidity Contentions. *See* (Doc. No. 477).

to resolve infringement allegations involving similar technologies. Also co-pending before this Court is a case between Patent Harbor and On-Demand Publishing LLC. *See* Case No. 6:11-cv-538 (the '538 action). That case involves the same patent-in-suit, pertains to the same underlying technology, and accuses similar video services. Thus, the '538 action, the '361 action, and the '607 action "will all involve similar issues of claim validity, claim construction, claim scope, discovery, evidence, proceedings, and trial." *Colorquick, LLC,* 2010 WL 5136050, at * 8. Transferring the '607 action would therefore "create duplicative, parallel proceedings on the same patent, unnecessarily wasting judicial resources and raising the specter of inconsistent adjudication." *Id.* As explained above, the Federal Circuit has consistently found that "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009); *Vistaprint Ltd.,* 628 F.3d at 1346 (citing *Cont'l Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26 (1960) (noting that "judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice")).

Lastly, with fact and expert discovery closing in the near future, several of the factors lose some of their relevance. For example, "some reasons for transfer because of convenience and fairness in regard to pre-trial proceedings such as subpoena power to secure witnesses for deposition deserve less consideration so close to trial." *In re Apple Inc.,* 456 F. App'x 907, 909 (Fed. Cir. 2012) (citing *Hoffman-LaRoche*, 587 F.3d at 1338). Moreover, transferring a case so close to trial also runs the risk of prejudicing Plaintiff by delaying the resolution of their claims against the Defendants. While the average time to trial in the Eastern District of Texas and the Central District of California may be comparable, transferring the case now would cause Plaintiff to lose its firm trial date in October 2012 in favor of an unknown date.

8

The Court acknowledges that judicial economy considerations can rarely override transfer to an otherwise more convenient forum. However, under the unique circumstances of the case at hand, the Court finds that transfer is in the interest of neither the judicial system nor the parties. Defendants in the '607 action specifically requested to take part in the October 4, 2011 claim construction hearing so that that "all parties to the three cases [could] have an opportunity to be considered in reaching resolution so that [the cases] can move forward in a way that takes into account[] all parties." STATUS TRANSCRIPT at 48:11-14. Dividing and transferring the cases now will not only prevent the Court from reaching a resolution that takes into account all parties, but will also result in a tremendous waste of party and judicial resources. Furthermore, transfer of the '607 action "would create duplicative, parallel proceedings on the same patent, unnecessarily wasting judicial resources and raising the specter of inconsistent adjudication." *ColorQuick,* 2010 WL 5136050 at *8. In short, transfer would squarely contradict the goals of §1404(a). *See Van Dusen,* 376 U.S. at 616 (opining that the goal of §1404(a) is to "prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense").

While the above considerations regarding the rapidly approaching trial date of the '607 action do not directly apply to the '229 action, the Court nevertheless finds that this again is a situation where judicial economy is a "paramount consideration." The '607 action and the '361 action are set for trial in October and the '229 action along with two other actions are set for claim construction in October.[6] Having already construed the patent-in-suit approximately a year prior, the Court is in an ideal position to use its knowledge gained from presiding over the previously filed Patent Harbor cases. Indeed, the cases are not in their infancy, involve similar technology, and only involve patents this Court has already construed. *Vistaprint Ltd.,* 628 F.3d

---

[6] Plaintiff's opening claim construction brief is due on July 27., 2012. *See* (Doc. No. 444).

at 1347 n.7 ("the trial court performed a detailed analysis explaining that it is very familiar with the only asserted patent and the related technology, and where there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, we cannot say the trial court clearly abused its discretion in denying transfer."); *Cf. Zimmer Holdings, Inc.,* 609 F.3d at 1382 (affording little weight to the presence of co-pending litigation because "Unlike *Volkswagen,* the overlap between [Plaintiff's] two actions, both of which are in the infancy stages of litigation, is negligible"); *Morgan Stanley,* 417 F. App'x at 949.

## II. Defendants' Delay in Filing the Motion

Courts in the Fifth Circuit have consistently found that a party's delay in filing a motion under 1404(a) can weigh against transfer. *See, e.g., West Coast Trends, Inc. v. Ogio Intern., Inc.*, Civil Action No. 6:10-cv-688, 2011 WL 5117850, at * 4 (E.D. Tex. Oct. 27, 2011); *IBEW–NECA Southwestern Health & Benefit Fund v. Duvall Electric*, LLC, No. 3:10cv1079B, 2011 WL 711005, at *4 (N.D.Tex. Feb. 28, 2011). While the Fifth Circuit does not impose a set time limit for bringing a motion to transfer venue under section 1404(a), the Fifth Circuit has held that "[p]arties seeking a change of venue should act with reasonable promptness." *Peteet v. Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989). "Without reasonable promptness on the part of the movant, a case proceeds, requiring the court to expend time and effort that might become wasted upon transfer." *In re Wyeth*, 406 F. App'x 475, 477 (Fed. Cir. 2010).

Defendants filed the Motion on September 23, 2011, ten months after the case was filed, more than five months after a status conference was held setting the *Markman* hearing, and after the completion of claim construction briefing. Moreover, the Motion was filed less than two weeks before the *Markman* hearing and was not ripe for consideration until well after the

completion of the hearing. Defendants provide no meaningful argument to justify their delay in filing their Motion, arguing only that they "should not be punished for choosing to focus on the immediate priority of the *Markman* proceedings before filing this Motion." REPLY at 4. However, eight[7] of the '607 Defendants specifically requested to take part in the Claim Construction proceedings held on October 4, despite the compressed schedule. *See* EX. B TO RESPONSE, TRANSCRIPT OF STATUS CONFERENCE ON MARCH 8, 2011 (Doc. No. 362-2) ("STATUS TRANSCRIPT") at 47-48. Counsel for these Defendants argued that "all parties to the ['607, '361, and '436] cases should have an opportunity to be considered in reaching a comprehensive resolution that this can move forward away that takes into account[] all parties." *Id.* at 48:11-14; *see also id.* at 48:15 (noting that this is "efficient" and "fair"). To accommodate this request, the Court moved the *Markman* hearing from August 11, 2011 to October 4, 2011. Thus, Defendants made a calculated choice to accelerate the claim construction process at the expense of promptly filing a motion to transfer   As a result of Defendants' delay in filing its Motion, the Court and the parties expended considerable time and effort into preparing for and conducting a claim construction hearing that might be wasted upon transfer. Accordingly, the Court finds that Defendants' delay in filing the motion weighs against transfer.

## CONCLUSION

In conclusion, the Court finds that this is the rare occasion were judicial economy considerations compel the retention of an action in the transferor forum. Accordingly, the Motion is **DENIED**.

---

[7] Mr. Lamison and Mr. Alper appeared on behalf of Fox Searchlight Pictures, Inc.; Lightstorm Entertainment, Inc.; Lions Gate Entertainment, Inc.; New Line Home Entertainment, Inc.; Time Warner, Inc.; Twentieth Century Fox Home Entertainment, LLC; and Warner Bros. Entertainment, Inc. *See* STATUS TRANSCRIPT at 47:19-23; Doc. No. 190.

**So ORDERED and SIGNED this 24th day of May, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE